UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES SAMSON,

Petitioner,

vs.                                                    Case No.  5:11-CV-294-OC-27PRL

WARDEN, FCC COLEMAN-USP II,

Respondent.

_____

### ORDER OF DISMISSAL

Petitioner Samson, a federal prisoner incarcerated at FCC-Coleman, initiated this action

through counsel by filing a "memorandum of law in support of petition for a writ of habeas corpus

pursuant to 28 USC § 2241" (Dkt. 1).[1] Petitioner challenges the validity of his conviction and life

sentence imposed after he was convicted of conspiracy to manufacture and distribute more than fifty

grams of methamphetamine or 500 grams of a substance of mixture containing methamphetamine,

in violation of 21 U.S.C. § 846, and participating in a continuing criminal enterprise involving more

than 15,000 grams of methamphetamine, in violation of 21 U.S.C. § 848.[2] *See*  Case number 7:04-

---

[1] Petitioner was formerly represented by Kenneth Williamson, who was suspended from practicing before the Eleventh Circuit. Wiiliamson failed to respond to this Court's Order to Show Cause directing him to show cause why he should not be discharged as counsel for Petitioner (Dkt. 17). See *In the Matter of Kenneth S. Williamson*, misc. case no. 13-102; *see also In Re: Kenneth Scott Williamson*, BPR #28802, Tennessee Supreme Court case no. M2013-0918-SC-Bar-BP. Accordingly, the Clerk shall terminate attorney Kenneth Williamson as counsel.

[2] Petitioner was sentenced to life under 21 U.S.C. § 848 (b)(2)(A), which provides:

Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a) of this section, if--

. . .

(2)(A) the violation referred to in subsection (c)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title . . .

-1-

CR-86-RAJ (W.D. Tex.). His conviction was affirmed. *United States v. Lewis*, 476 F.3d 369 (5th Cir. 2007). Petitioner then filed a motion to vacate under 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel, which was denied (Dkt. 7-2). Petitioner filed the instant petition under the "savings clause" of 28 U.S.C. §2255(e), contending that "the § 2255 remedy is inadequate or ineffective."

The essence of Petitioner's substantive claims are that his due process rights were violated because his indictment did not specify which subsection of § 848 he was charged under and it was error for the court, rather than his jury, to determine a drug quantity subjecting him to a life sentence (Dkt. 1, at 6).[3] In Petitioner's words, he "was convicted and thereby sentenced for a non-existent offense and that he is 'actually innocent' of the statutory minimum LIFE sentence upon his conviction based primarily on a general verdict for a violation of 21 U.S.C. 848 - Continuing Criminal Enterprise" (Dkt. 16, at 3). In his attorney's words: "Thus, an indictment charging a violation of § 848 without charging the specific violation of that statute is an indictment that charges a non-existent offense . . . Simply put, a defendant cannot violate § 848 unless he is charged with and found guilty of violating one of the two crimes set forth in subsections (a) and (b)" (Dkt. 11 at 4).

### Respondent's Motion to Dismiss

Respondent moves to dismiss the petition for lack of subject matter jurisdiction, arguing that Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his detention (Dkt. 7). Contending that the Court has subject matter jurisdiction under the "savings clause" of 28 U.S.C. § 2255(e), Petitioner responds that his claims are based on a retroactively applicable Supreme

---

[3] Respondent points out, however, and the record demonstrates, that Petitioner was charged and convicted of participating in a continuing criminal enterprise involving *more than 15,000 grams of methamphetamine*, in violation of 21 U.S.C. § 848 (Dkt. 7-2); *United States v. Lewis*, supra.

Court decision, *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and new substantive rules announced in *United States v. Givens*, 2008 WL 2796341 (2d Cir. 2008) and *Gilbert v. United States*, 609 F.3d 1159, 1165 (11th Cir. 2010), *vacated*, 625 F.3d 716 (11th Cir. 2010) (Dkts. 1, 16).

### Analysis

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241, invoking jurisdiction under what is referred to as the "savings clause" in § 2255(e):

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* (emphasis added to indicate the savings clause).

To invoke jurisdiction under the "savings clause," a § 2241 petitioner must demonstrate that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The applicability of the savings clause is a threshold jurisdictional question. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013)(citing *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999)); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1256 (11th Cir. 2013).

To establish that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention under the savings clause, he must satisfy five requirements: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, circuit precedent specifically and squarely foreclosed the claims raised in his § 2241 petition; (2) after the first § 2255 proceeding, the United States Supreme

Court overturned that binding circuit precedent; (3) the Supreme Court decision applies retroactively on collateral review; (4) as a result of the Supreme Court decision applying retroactively, Petitioner's sentence exceeds the authorized statutory maximum penalty for his offense; and (5) the savings clause of § 2255(e) reaches his claim. *Jeanty v. Warden, FCI-Miami*, __ F.3d __ , 2014 WL 3673382 *1 (11th Cir. 2014)(citing *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d at 1274); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999) ("[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."). Considering these requirements, Petitioner has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention.

Petitioner fails to satisfy the first element, that circuit precedent specifically and squarely foreclosed his claims in the underlying proceedings. Petitioner cites to no Fifth Circuit precedent that foreclosed his claims at sentencing, on direct appeal, or his first section 2255 motion. Petitioner's reliance on *United States v. Givens* and *Gilbert v. United States*, precedent from the Second and Eleventh Circuits, do not meet the first savings clause requirement.

Moreover, Petitioner fails to satisfy the third savings clause requirement, that the rule announced in *Alleyne* applies retroactively on collateral review.[4] The Eleventh Circuit has expressly determined that *Alleyne* does not apply retroactively. *Jeanty*, ___ F.3d____, 2014 WL 3673382 *2- *3 (noting neither *Alleyne* itself nor any later Supreme Court decision holds *Alleyne* is retroactive) (citations omitted).

Finally, Petitioner cannot satisfy the fourth savings clause requirement because he was not

---

[4] In *Alleyne*, the Supreme Court held that the Sixth Amendment requires that any fact that increases the mandatory statutory minimum penalty is an element that must be submitted to the jury. 133 S.Ct. at 2155-56.

sentenced in excess of the statutory maximum penalty. Title 21 U.S.C. § 848(b) mandates a life sentence for a defendant convicted of engaging in a "continuing criminal enterprise" and who "is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders," and the violation involved "at least 300 times the quantity of a substance described in section 841(b)(1)(B)." As noted, Petitioner's conviction and sentence under § 848(b) was affirmed on direct appeal. *Lewis*, 476 F.3d at 369 (5th Cir. 2007) ("[F]or the reasons stated above, we AFFIRM the convictions of Charles Samson and Victor Wesley Tucker of a continuing criminal enterprise involving more than 15,000 grams of methamphetamine . . . .")(emphasis in original).[5]

In sum, Petitioner cannot satisfy the requirements for invoking jurisdiction under the savings clause of § 2255(e). Accordingly, Respondent's motion to dismiss Petitioner's § 2241 petition for lack of subject matter jurisdiction is GRANTED. The petition (Dkt. 1), as amended (Dkt. 16), is DISMISSED with prejudice. The Clerk shall enter judgment accordingly and close this case.

**DONE AND ORDERED** this ___14th___ day of August, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies: Counsel and parties of record

---

[5] On appeal, none of the defendants argued any error relating to the indictment or that the jury was not asked which section of 848 the defendants violated. *Id.* One defendant, Buddy Ford, argued that the district court violated his Due Process rights when the court "enhanced" his sentence based on facts not found by the jury, *i.e.* drug quantity of drugs. *Lewis*, 476 F. 3d at 390-91 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). That argument was rejected because the district court's sentence enhancement did not increase Ford's sentence beyond the applicable statutory maximum. *Id.* Ford's conviction of conspiring to manufacture and distribute more than 50 grams of methamphetamine was likewise affirmed.